[Civ. No. 44233. Second Dist., Div. Four. Apr. 24, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
NATIONAL AUTOMOBILE AND CASUALTY
INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Bledstein, Di Sabatino & Lauber and I. Mark Bledstein for Defendant and Appellant.

Joseph P. Busch, District Attorney, Harry B. Sondheim and Donald J. Kaplan, Deputy District Attorneys for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—This is an appeal by a surety from an order denying its motion to vacate the forfeiture of an appearance bond and to exonerate the bond. We affirm the order.

Appellant surety company issued an appearance bond for Siegmund Lee Wolff. When Wolff did not appear in court on July 6, 1973, the bond was declared forfeited and a bench warrant was ordered issued. On July 13, 1973, the clerk mailed his notice for forfeiture to the surety.[1] On January 8, 1974, the surety filed its motion to vacate the forfeiture. Under section 1305 of the Penal Code, the surety had 180 days after the date of mailing of the clerk's notice within which to file its motion to vacate. The motion herein involved was filed on the 179th day and was timely.

---

[1]The clerk's transcript filed by appellant did not contain the trial court clerk's certificate of mailing. We have augmented the record by an examination of the superior court file which does contain that certificate. (Rule 12(a), Cal. Rules of Court.)

Subdivision (a) of section 1305 of the Penal Code reads, in pertinent part as follows: "If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days.

"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination."

■ Under section 1305, except where the surety produces the defendant in person, a forfeiture may be vacated only on a showing that the defendant is "dead or is otherwise permanently unable to appear. . . . and that the absence of the defendant was not with the connivance of the bail. . . ." The showing here made by the surety goes no farther than to show that some search for defendant had been made by the surety's

guarantor, resulting in the apprehension of defendant, in Colorado, on December 6, 1973, and that defendant had escaped from that custody on December 7th. This falls short of a showing that defendant is "permanently" unable to appear. All that it shows is that defendant does not want to appear.[2] That is the exact possibility against which the People demanded bail. The denial of the motion was proper.

The order appealed from is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1975.

---

[2]The surety suggests that subdivision (b) of section 1305 would assist it in this case. But that provision applies only where "the court has reason to believe that sufficient cause may exist for" a defendant's failure to appear. Nothing in this record would support such a belief on the part of anyone.